IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRON BROWN, | ) | 8:10CV236 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by the petitioner are, when liberally construed, potentially cognizable in federal court. The petitioner has made two claims.

Condensed and summarized for clarity, the claims asserted by the petitioner are:

Claim One: the petitioner was denied due process of law in violation of the Fourteenth Amendment *because* the prosecution violated the terms of its plea agreement by appealing the petitioner's sentence after agreeing not to comment on the sentence.

Claim Two: the petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment *because* his counsel (a) failed to immediately object to the prosecution's appeal of the petitioner's sentence because it violated the plea agreement and the issue was not preserved for review; or (b)

>incorrectly informed the petitioner that the prosecution would not be allowed to comment on the petitioner's sentence if he accepted the plea bargain and failed to state all of the terms of the plea agreement on the record.

Liberally construed, the court preliminarily decides that both of the petitioner's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

The petitioner also seeks the appointment of counsel. (Filing No. 3.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) The court has carefully reviewed the record and finds that there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition (filing no. 1), the court preliminarily determines that the petitioner's claims, as set forth in this memorandum and order, are potentially cognizable in federal court.

2. The clerk of the court is directed to mail copies of this memorandum and order and the petition to respondents and the Attorney General for the State of Nebraska by regular first-class mail.

3. By September 16, 2010, the respondent shall file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: September 16, 2010: deadline for the respondent to file state court records in support of answer or motion for summary judgment.

4. If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

> A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.
>
> B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."
>
> C. Copies of the motion for summary judgment, the designation, including state court records, and the respondent's brief shall be served upon the petitioner *except* that the respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set

3

forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **The respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of the petitioner**.

5. If the respondent elects to file an answer, the following procedures shall be followed by the respondent and the petitioner:

A. By September 16, 2010, the respondent shall file all state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the*

4

*United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B. No later than 30 days after the filing of the relevant state court records, the respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and the respondent's brief shall be served upon the petitioner at the time they are filed with the court *except* that the respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the respondent's brief, the petitioner shall file and serve a brief in response. The

        petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The clerk of the court is directed to set a pro se case management deadline in this case using the following text: October 18, 2010: check for the respondent to file answer and separate brief.

6. No discovery shall be undertaken without leave of the court. *See* [Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*].

7. The petitioner's Motion to Appoint Counsel (filing no. [3]) is denied without prejudice to reassertion.

Dated August 3, 2010.

        BY THE COURT

        s/ Warren K. Urbom
        United States Senior District Judge