IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRON BROWN, | ) | 8:10CV236 |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER ON APPLICATION** |
| | ) | **AND AFFIDAVIT IN SUPPORT** |
| STATE OF NEBRASKA, | ) | **OF APPLICATION TO PROCEED** |
| | ) | **IN FORMA PAUPERIS** |
| Respondent. | ) | |

   This matter is before me on the Application and Affidavit in Support of Application to Proceed In Forma Pauperis of the petitioner, Terron Brown. (Filing No. 34.) On August 31, 2011, I dismissed Brown's habeas corpus claims with prejudice and entered judgment against him. (Filing Nos. 31 and 32.) On September 19, 2011, Brown filed a timely Notice of Appeal of the judgment. (Filing No. 33.) Pursuant to 28 U.S.C. § 1915(a)(1)-(2), and after considering Brown's financial status as shown in the records of this court, provisional leave to proceed in forma pauperis on appeal will be granted and Brown is relieved from paying the appellate filing fee at this time.

   Although the court grants Terron Brown leave to proceed IFP on appeal, I note that Brown has not filed a Motion for Certificate of Appealability. (*See* Docket Sheet.) Indeed, before a petitioner may appeal the dismissal of a petition for writ of habeas corpus, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>    (A) the final order in a habeas corpus proceeding in which the

> detention complained of arises out of process issued by a State court; ....
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).[1]

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing *Barefoot v. Estelle*, 463 U.S. 894 (1983) (defining pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Similarly, if the district court denies a petition for writ of habeas corpus on procedural grounds without reaching the underlying constitutional claims on the merits:

---

[1]Similarly, Federal Rule of Appellate Procedure 22(b), as amended by the AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue. *See generally Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

Terron Brown has not filed a motion for a certificate of appealability or a brief in support. (*See* Docket Sheet.) This matter cannot proceed on appeal until the question of the certificate of appealability is considered.

    IT IS THEREFORE ORDERED that:

    1.    Brown's Application and Affidavit in Support of Application to Proceed In Forma Pauperis (filing no. 34) is granted. Brown is relieved from paying the appellate filing fee at this time.

    2.    Brown shall have until October 27, 2011, to file a motion for certificate of appealability and brief in support.

    3.    In the event that Brown fails to file a motion and brief as set forth in this Memorandum and Order on Application and Affidavit in Support of Application to Proceed in Forma Pauperis, the court will deny the issuance of a certificate of appealability without further notice.

4. The clerk of the court is directed to set a pro se case management deadline in this case with the following text: October 27, 2011: check for COA and separate brief and deny if none filed.

Dated September 27, 2011.

        BY THE COURT

        s/ Warren K. Urbom
        United States Senior District Judge