IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRON BROWN, | ) | 8:10CV236 |
| | ) | |
| Petitioner, | ) | MEMORANDUM |
| | ) | AND ORDER ON MOTION FOR |
| v. | ) | CERTIFICATION OF |
| | ) | APPEALABILITY AND MOTION |
| STATE OF NEBRASKA, | ) | IN SUPPORT |
| | ) | |
| Respondent. | ) | |

This matter is before me on the Petitioner Terron Brown's Motion for Certification of Appealability and Motion in Support. (Filing No. 39.) As set forth below, the motion is denied.

## I. Motion to Appoint Counsel

In addition to his Motion for Certification of Appealability and Motion in Support, the Petitioner Terron Brown ("Brown") also seeks the appointment of counsel. (Filing No. 38.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) The record has been carefully reviewed and I find that there is no need for the appointment of counsel at this time.

## II. *Motion for Certification of Appealability*

Before a petitioner may appeal the dismissal of a petition for writ of habeas corpus, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph(2).[1]

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

---

[1]Similarly, Federal Rule of Appellate Procedure 22(b), as amended by AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue. *See generally Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

(internal quotation marks omitted), citing *Barefoot v. Estelle*, 463 U.S. 894 (1983) (defining pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Similarly, if the district court denies a petition for writ of habeas corpus on procedural grounds without reaching the underlying constitutional claims on the merits:

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . would find it debatable whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

After careful review of the record and Brown's Motion for Certification of Appealability and Motion in Support, I find that Brown has failed to demonstrate that reasonable jurists would find my ruling debatable or wrong. Liberally construed, Brown simply re-argues the merits of his original petition, focusing primarily on the argument that the State failed to remain silent at sentencing after agreeing to do so. (Filing No. 39.) As set forth in my August 31, 2011, Memorandum and Order on Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, there was no agreement to remain silent at sentencing. (Filing No. 31.) Further, regardless of whether the State agreed to remain silent at sentencing, it did. Indeed, the State spoke only two sentences during Brown's sentencing hearing for the purpose of introducing the

3

victim's mother. (Filing No. 21-1, Attach. 1, at CM/ECF pp. 1-9.)

Alternatively, Brown argues that, if there was no agreement to remain silent at sentencing, his counsel was ineffective for informing him that such an agreement existed. (Filing No. 39.) Even if Brown's counsel incorrectly informed him of an agreement that did not exist, Brown could not have been prejudiced by his counsel's actions, given that the State remained silent at sentencing. In short, no agreement to remain silent at the sentencing hearing existed, but Brown got the benefit of that non-existent agreement when the State remained silent at sentencing. For these reasons, and the reasons stated in my August 31, 2011, Memorandum and Order on Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, which dismissed Brown's habeas claims with prejudice on the merits, I decline to issue a certificate of appealability. Additionally, because it is nearly identical to Brown's Motion for Certification of Appealability and Motion in Support, his Rule 59(e) Motion to Alter or Amend Judgment of District Court's Ruling to Petitioners (sic) 28 U.S.C. § 2254 Writ of Habeas Corpus (filing no. 37) is also denied.

IT IS THEREFORE ORDERED that:

1.	Brown's Motion for Certification of Appealability (filing no. 39) is denied without prejudice to reassertion before the Eighth Circuit;

2.	the clerk of the court shall provide the Court of Appeals a copy of this Memorandum and Order on Motion for Certification of Appealability and Motion in Support; and

3.     all other pending motions are denied.

Dated January 9, 2012.

> BY THE COURT
>
> s/ Warren K. Urbom
> United States Senior District Judge